**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-088-DCK**

| | |
|---|---|
| **JOSEPH P. CLARK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ. P." (Document No. 10) and the "Commissioner's Motion For Summary Judgment" (Document No. 14). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ. P." (Document No. 10) be denied; that the "Commissioner's Motion For Summary Judgment" (Document No. 14) be granted; and that the Commissioner's decision be affirmed.

### I.    BACKGROUND

Plaintiff Joseph P. Clark ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about January 31, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning November 7, 2011. (Transcript of the

Record of Proceedings ("Tr.") 24, 163). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about June 26, 2014, and again after reconsideration on September 15, 2014. (Tr. 24, 98, 108). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 108).

Plaintiff filed a timely written request for a hearing on October 10, 2014. (Tr. 24, 116). On December 17, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Keith C. Pilkey (the "ALJ"). (Tr. 24, 39-57). In addition, Kathleen H. Robbins, a vocational expert ("VE"), and David Lund, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 15, 2016, denying Plaintiff's claim. (Tr. 21-34). On March 7, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on February 9, 2017. (Tr. 1-3, 20). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination, or in the alternative remand for a new hearing, was filed in this Court on March 28, 2017. (Document No. 1). On July 5, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 9)

Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) and Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 11) were filed July 25, 2017; and the "Commissioner's Motion For Summary Judgment" (Document No. 14) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 15) were filed October 30, 2017. [1] Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

On February 7, 2018, this matter was scheduled for a hearing on March 8, 2018, and the parties were directed to make a good faith attempt to narrow or resolve the pending issues. (Document No. 16). The parties filed a "Joint Notice" (Document No. 18) on February 26, 2018, informing the Court that their attempt had failed.

The undersigned held a hearing in this matter on March 8, 2018, allowing the parties one more opportunity to present their arguments. Based on the foregoing, the pending motions are now ripe for disposition.

## II.    STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

---

[1] Plaintiff's "Memorandum Of Law…" is not organized as required by Local Rule 7.2 (b).

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between November 7, 2011, and the date of his decision.[2] (Tr. 24). To establish entitlement to benefits, Plaintiff has the burden of proving

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

>    (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
>    (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
>    (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
>    (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
>    (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 32-33).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since November 7, 2011, his alleged disability onset date. (Tr. 26). At the second step, the ALJ found that "degenerative disc disease of the lumbar spine status post fusion from L2-L5; and

5

obesity" were severe impairments.³  Id.  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  Id.

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform sedentary work activity, with the following limitations:

> no climbing ladders, ropes or scaffolds;  no crawling;  occasional climbing ramps and stairs, balancing, stooping, kneeling and crouching;  no concentrated exposure to vibration or to hazards;  and allowing for a sit stand option that would allow alternating between sitting and standing at 30 minutes intervals.

(Tr. 27).  In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p."  Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a correctional officer;  a laborer/fixer/operator/machine fixer in textile;  or a forklift operator. (Tr. 32).  At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32-33).  Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included:  unskilled cashier, such as in exiting of a cafeteria line, parking garage and self-serve gas station;  a general office clerk;  and a surveillance system monitor. (Tr. 33, 53-57).  Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by

---

³ The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

the Social Security Act, at any time between November 7, 2011, and the date of his decision, January 15, 2016. (Tr. 33).

Plaintiff on appeal to this Court contends that: (1) the ALJ erred in determining Plaintiff's residual functional capacity; and (2) the ALJ erred by failing to afford the appropriate weight to the opinion evidence in the record. (Document No. 11, p.3). The undersigned will discuss these contentions in turn.

**A.     RFC**

In the first assignment of error, Plaintiff argues that the ALJ erred by finding that Plaintiff had the RFC to perform a reduced range of sedentary work. (Document No. 11, pp.5-8). Plaintiff notes that sedentary work requires the ability to lift up to 10 pounds, sit for approximately 6 hours in a workday, and stand/walk for no more than 2 hours in a workday. (Document No. 11, p.5) (citing 20 C.F.R. §§ 404.1567(a) and 416.967(a)).  The crux of Plaintiff's argument seems to be that the ALJ erred because he stated in the RFC that Plaintiff should be allowed a sit stand option that would allow Plaintiff to alternate between sitting and standing at 30 minute intervals. See (Document No. 11, p.5) (citing Tr. 27). Plaintiff concludes that this clearly does not meet the standards of sedentary work because this would provide a maximum of 4 hours of sitting in an 8-hour workday. Id.

Plaintiff cites to the opinion of Dr. Mark Moody, Plaintiff's treating orthopedist, on January 10, 2013, where he opined:

> At this point, I feel the patient is not at maximum medical improvement. I feel he cannot return to his job as previously as a correctional officer. At the current time, I would limit him to no lifting over 10 pounds; no bending, twisting of the lumbar spine; allow to sit, stand and lie down every 30 minutes. We will refill his narcotic analgesics and muscle relaxants. We will see him back in three months' time for recheck with x-rays.

7

(Document No. 11, p.7); (Tr. 358).

Plaintiff also contends the ALJ "erred by suggesting that Mr. Clark's ability to perform activities of daily living when he is able indicates an ability to perform competitive work on a sustained basis, five days a week, eight hours per day." (Document No. 11, p.7) (citing Tr. 31). The section of the decision Plaintiff cites to as including a reversible error is the following:

> The undersigned notes that claimant testified to an extremely limited lifestyle at the hearing, however, as outlined above, claimant's allegations and reports of functional limitations are neither supported by the objective medical evidence of record or his previous reports of activities of daily living. While the claimant continues to make assertions of disability based on pain, the evidence provides no foundation for any debilitating pain manifestation or serious functional deficit that would preclude the performance of all work activity.

(Tr. 31).

In response, Defendant asserts that substantial evidence supports the RFC finding. (Document No. 15, p.3). Defendant further asserts that Plaintiff's argument lacks merit:

> The sit/stand option in the RFC does not create a rigid requirement that Plaintiff remain seated or standing for 30 minutes at a time. Rather, it creates options for Plaintiff, so that he may adjust his position at those intervals and relieve himself from a constant seated position. Indeed, this is consistent with Plaintiff's testimony that he can sit for approximately 30 minutes at a time before needing to stand up (Tr. 51). Moreover, the vocational expert was able to identify occupations at step 5 that are classified at sedentary exertion that would allow for this type of sit/stand option (Tr. 33). Plaintiff's argument that the RFC is an error of law is therefore unpersuasive.

(Document No. 15, pp.3-4).

Defendant also effectively argues that the ALJ "properly considered the testimony alongside the relevant medical evidence of record to determine and RFC that is supported by the record." (Document No. 15, p.4) (citing Tr. 27-32). Moreover, the ALJ did not equate the ability to engage in some activities with an ability to work full time; rather, the decision shows that the

8

ALJ properly considered Plaintiff's testimony along with other evidence of record. (Document No. 15, p.5) (citing Tr. 31).

Defendant's counsel noted at the hearing that Plaintiff testified he was exercising - walking up to two (2) miles a day. (Tr. 49). Plaintiff's counsel then observed that Plaintiff testified he walks one half (1/2) mile at a time, then takes a break and needs to sit for 15-30 minutes. Id.

The undersigned finds that the RFC is consistent with Plaintiff's testimony, and Dr. Moody's opinion quoted above, and cited by Plaintiff. (Tr. 27-28, 51, 358). The undersigned agrees with Defendant that *allowing* Plaintiff the *option* to change positions every 30 minutes does not somehow create a requirement that Plaintiff can only sit for 4 hours in an 8-hour workday. See (Tr. 27, 29). The undersigned does not read the RFC to preclude Plaintiff from sitting for 6 hours, or more, in a workday.

In short, the undersigned finds Defendant's arguments persuasive.

**B.     Opinion Evidence**

Next, Plaintiff asserts that the ALJ erred by failing to accord the appropriate weight to the opinion evidence. (Document No. 11, pp.8-10). Specifically, Plaintiff contends that the ALJ "erred in according little weight to the multiple opinions of Dr. Mark Moody, Mr. Clark's treating orthopedist." (Document No. 11, p.9) (citing Tr. 30).

Plaintiff also contends the ALJ failed to give proper weight to Dr. Roger L. Seagle. (Document No. 11, p.10). Plaintiff then quotes part of the ALJ's statement about Dr. Seagle's opinion. Id. Regarding Dr. Seagle, the ALJ stated the following:

> In evaluating all medical opinions, the undersigned has considered 20 CFR 404.1527 and 416.927 and Social Security Ruling 96-2p and has considered the opinion of Dr. Seagle and gives his opinion little weight as although the undersigned determines claimant cannot perform his past work as a corrections officer, Dr. Seagle gave no

9

> functional limitations and only gave a conclusory opinion that relies
> too heavily upon claimant's subjective complaints.

(Tr. 29-30).

Not surprisingly, Defendant contends that the ALJ properly weighed all the medical opinions. (Document No. 15, pp.5-8). Defendant states that the ALJ considered every medical opinion of record. (Document No. 15, p.5). Defendant also argues that Plaintiff has provided the wrong standard – the ALJ is not required to show "persuasive contradictory evidence." Id.

Defendant notes that the current legal standard articulated by the Fourth Circuit is that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." (Document No. 15, p.6) (quoting Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)). "More recently the Circuit has stated that an ALJ's determination 'as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' … or has failed to give a sufficient reason for the weight afforded a particular opinion.'" Id. (quoting Dunn v. Colvin, 607 Fed. App'x 264, 267 (4th Cir. 2015)).

Defendant concludes that the ALJ performed the required analysis under the regulations and caselaw, and that Plaintiff has failed to raise "specious inconsistencies" or insufficient reasoning that would warrant disturbing the ALJ's opinion. (Document No. 15, p.7).

The undersigned notes that the ALJ described Dr. Moody's opinions/examinations in significant detail. (Tr. 28-29). As noted above, it appears that the RFC is actually consistent with Dr. Moody's opinion. See (Tr. 27, 358). The ALJ then provided a thoughtful discussion of the weight to be accorded treating physician opinions and why he gave little weight to the treating source opinions here. (Tr. 30). The ALJ correctly noted that determinations of disability are ultimately administrative findings reserved to the Commissioner. (Tr. 29-30).

Based on the foregoing, the undersigned is not persuaded the ALJ erred in his consideration of the opinion evidence of record.

## IV.     CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on March 8, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that the ALJ's decision is supported by substantial evidence and applied the correct legal standards.

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ. P." (Document No. 10) is **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 14) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: March 8, 2018

David C. Keesler
United States Magistrate Judge